No. 686     July 15, 2026     603

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTINA GALE DIXON,
*Defendant-Appellant.*

Clackamas County Circuit Court
19CR42686; A184062

Michael C. Wetzel, Judge.

Submitted June 2, 2026.

Christine Gale Dixon filed the briefs for appellant *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for one count of first-degree custodial interference and two counts of first-degree criminal mistreatment. On appeal, she contends that Oregon lacked territorial jurisdiction, that Clackamas County was not the proper venue for the proceedings, and that the trial court erred in relying on a dependency jurisdictional judgment that was later set aside.

Having considered the briefing and the pertinent parts of the record identified by the parties, we are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is defendant's duty to identify the specific ruling(s) challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record.[1] Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered each of defendant's arguments, and we are unpersuaded that the trial court erred in the ways claimed.[2] Oregon had

---

[1] *See, e.g.*, ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).

[2] We have disregarded the citations that defendant relies on that appear to be to nonexistent cases and the citations that, although to existing cases, do not stand for the propositions upon which defendant relies. In response to an order to show cause from this court, defendant stated that she did not intentionally include any fabricated authority and that she was not aware that her drafting process could produce fabricated authority. We denied her motion to file a corrected brief, struck the citations that were fabricated, and imposed a $100 fine.

territorial jurisdiction over defendant because the evidence showed that defendant interfered with the state's custody of her daughter when she disobeyed an Oregon court order and prevented her daughter from receiving surgery in Oregon. ORS 131.215(1) ("[A] person is subject to prosecution under the laws of this state for an offense that the person commits by the conduct of the person or the conduct of another for which the person is criminally liable" where "[e]ither the conduct that is an element of the offense or the result that is an element occurs within this state."). Defendant did not challenge venue below and has not assigned error to any trial court ruling with respect to venue. In her final claim of error, defendant appears to contend that the trial court improperly relied on a vacated dependency judgment. We disagree. At the time that defendant committed the acts for which she was found guilty, a valid dependency judgment existed.

Affirmed.